UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| DOUGLAS F. TULLOS, # 137990, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-144 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| CRAIG HUTCHINSON, M.D., et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On February 16, 2012, plaintiff filed this lawsuit against Craig, Hutchinson, M.D., Jeffrey Stieve, M.D., and Nurse Practitioner Ray Ingraham alleging that defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. The matter is before the court on plaintiff's motion for a preliminary injunction. (docket # 23). For the reasons set forth herein, I recommend that plaintiff's motion be denied.

**Discussion**

Plaintiff has Hepatitis C and seeks a preliminary injunction ordering that he be provided with some type of interim or maintenance-type treatment. (docket # 23 at 5, ID# 155). He received the standard Hepatitis C treatment of pegylated interferon and ribavirin for a 48-week period ending in October 2007. "As occurs in over 50% of patients with Mr. Tullos' form of Hepatitis C, the standard dual therapy of pegylated interferon and ribavirin was not successful.

When standard dual therapy fails, there are limited options for treatment." (docket # 24-2, Hutchinson Decl. ¶¶ 1-4).

Plaintiff may or may not be a candidate for a new "Triple Therapy" treatment protocol which is still in the developmental stages. In May 2011, the Food and Drug Administration (FDA) approved new antiviral agents Boceprevir (Victrelis) and telaprevir (Incivek) for treatment of chronic Hepatitis C virus infection, genotype 1. In March 2012, the Federal Bureau of Prisons (BOP) issued revised clinical guidelines for the newly approved drugs. The clinical guidelines indicate that when the new agents are used in conjunction with pegylated interferon and ribavirin in "Triple Therapy," the combination achieves significantly better sustained viral response than the standard dual therapy. The MDOC is currently in the process of developing procedures for the introduction of Triple Therapy based on the BOP's revised guidelines. It is expected that an appropriate treatment protocol will be in place in the near future. (Hutchinson Decl. ¶¶ 5-7).

Plaintiff will be evaluated on the same basis as other MDOC inmates suffering from Hepatitis C who are candidates for Triple Therapy. Although his earlier failed treatment does not necessarily exclude treatment with the new therapy, "specific medical guidelines, including indications and contraindications for Triple Therapy are being devised to carefully evaluate who would benefit from the therapy. The Triple Therapy treatment has serious side effects and limited benefit for certain patients." (Hutchinson Decl. ¶ 8). Once the format for introduction of Triple Therapy for treatment of Hepatitis C is approved and introduced, MDOC inmates who would benefit from the treatment will be evaluated and assessed for treatment. "It is important to note that Triple Therapy will not be advisable for all Hepatitis C patients in that there are multiple side effects, including potential drug resistance to anti-virals. The MDOC will be selective in determining who

should receive the new Triple Therapy and will recommend carefully explaining to each patient the side effects of treatment." (*Id.*, ¶ 9).

Plaintiff's Hepatitis C is being medically evaluated and monitored. There is no additional medical treatment that has been approved for treatment of his condition. There is no medically recommended interim or maintenance-type treatment available. (Hutchinson Decl. ¶¶ 10-13).

A preliminary injunction is an extraordinary remedy. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see also McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) ("The proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion because a preliminary injunction is an extraordinary remedy."); FED. R. CIV. P. 65. A preliminary injunction is only granted where movant carries his burden of proving that the circumstances clearly demand it. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). The four factors this court is to consider on motions for preliminary injunctions are well established. *See McNeilly v. Land*, 684 F.3d at 615.

None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. He has not shown a strong likelihood of success on the merits of his claims. Specifically, it is inarguable on the present record that MDOC physicians are being deliberately indifferent to his medical needs. He has not shown that an injunction is necessary to prevent irreparable harm. In fact, an order requiring Triple Therapy could well expose plaintiff to disastrous side-effects without concomitant benefit. The public interest would not be served by issuing a preliminary injunction. The issuance of a preliminary injunction would constitute unwarranted intrusion into the State's operation of its prisons and it would likely have the adverse consequence of hampering the MDOC's

effort to implement the Triple Therapy treatment protocol. This is a classic case in which the court should not overrule the medical judgment of physicians.

### Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's motion for a preliminary injunction (docket # 23) be denied.

Dated:  August 9, 2012             /s/  Joseph G. Scoville
                                   United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).