UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DOUGLAS F. TULLOS #137990, | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | No. 1:12-cv-144 |
| | ) | |
| CRAIG HUTCHINSON, | ) | HONORABLE PAUL L. MALONEY |
| JEFFERY STIEVE, and | ) | |
| RAY INGRAHAM, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

In this case, Plaintiff Douglas F. Tullos, a Michigan state prisoner, brings a claim under 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Before the court today is Plaintiff's motion for preliminary injunction (ECF No. 23) and the magistrate judge's Report and Recommendation that the court deny it. (ECF No. 26.)

### STANDARD OF REVIEW

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## DISCUSSION

Mr. Tullos has hepatitis C. Michigan Department of Corrections (MDOC) medical staff gave him a standard, 48-week treatment for the disease, but it was not successful. After internal consultation, MDOC determined not to administer a second round of treatment at that time. Mr. Tullos alleges that he repeatedly requested further treatment but was denied each time, despite the fact that the FDA approved two new treatments for hepatitis C in May 2011. In his motion for preliminary injunction, Mr. Tullos asks the court to order Defendants to provide him with "some type of interim or some level of a maintenance type treatment"—that is, "less than a full treatment program, but enough treatment so that Plaintiff's Hepatitis C would not progress" further.

On review of this motion and Defendants' response to it, the magistrate judge recommended that the court deny Mr. Tullos's motion. The magistrate judge found that none of the factors to be considered in evaluating motions for injunctive relief support Mr. Tullos's claim. Mr. Tullos had not shown a strong likelihood of success on the merits. Nor has he shown that relief is necessary to prevent irreparable harm. Indeed, it is not at all clear whether "Triple Therapy," the only potentially available treatment, would have benefits at all. In addition, injunctive relief would constitute an unwarranted intrusion into the State's operation of its prisons, and would hamper the State's ability to care for its other prisoners with hepatitis C. (ECF No. 26.)

Mr. Tullos objects to this conclusion. He argues first that he did not ask for Triple Therapy, but instead for an interim or maintenance treatment. The magistrate judge addressed this point, however. He found, based on affidavits produced with Defendants' response, that "[t]here is no additional medical treatment that has been approved for treatment of [Mr. Tullos's] condition." Specifically, the magistrate judge found that "[t]here is no medically recommended interim or

maintenance-type treatment available" to Mr. Tullos.  (ECF No. 26.)  Mr. Tullos has not shown otherwise.  Thus, the only potential treatment mentioned in the record is Triple Therapy.  The magistrate judge did not err by discussing (and dismissing) this potential treatment as an option.

Mr. Tullos also objects that the fact that his condition is being monitored does not excuse a failure to provide treatment where necessary.  While this statement is true in the abstract, it fails here.  Mr. Tullos has not yet shown that any available treatment is in fact necessary.  While he may be able to do so on a more complete record, the magistrate judge properly rejected his claim on this record.

Mr. Tullos's objections are therefore OVERRULED.

### ORDER

For the reasons discussed above, **IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 26) is **ADOPTED**, over objections, as the opinion of this court.  Plaintiff's motion for preliminary injunction (ECF No. 23) is hereby **DENIED**.

**IT IS SO ORDERED.**


Date:   October 11, 2012            /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    Chief United States District Judge